## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOLITA DUGLAS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3905** |
| | : | |
| **MARK HOANG, DMD,** | : | |
| **Defendant** | : | |

### MEMORANDUM

**PRATTER, J.**                                                   **SEPTEMBER 14, 2021**

Lolita Duglas filed this *pro se* action against Mark Hoang, DMD. Ms. Duglas also seeks
to proceed *in forma pauperis*. For the reasons that follow, the application to proceed *in forma
pauperis* will be granted and any federal law claim contained in the Complaint will be dismissed
with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) because it is frivolous. Any state law
claim will be dismissed for lack of subject matter jurisdiction.

### I.    FACTUAL ALLEGATIONS

Ms. Duglas checked a box on the form complaint she used to file this action indicating
that she seeks to invoke the Court's federal question jurisdiction. As the basis for jurisdiction,
Ms. Duglas has written out the words of Article I, Section 9 of the Constitution providing that
the writ of habeas corpus shall not be suspended. (ECF No. 2 at 3.)[1] She asserts as the factual
basis of her claim that she "went to the dentist [apparently Defendant Hoang, to] ask if he could
grow my tooth and teeth he told me [to] use Listerine mouth wash instead." (*Id.* at 4.) She
claims she was not injured but wants to be permitted to "sue so I can grow my tooth and teeth

_____

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

with the use of something the doctor can give me[;] monetary compensation is five cents." (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court grants Ms. Duglas's application to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Also, a Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Because Ms. Duglas is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt*, 2021 WL 3482913 at *2.  However, "'pro se litigants

2

still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 2021 WL
3482913, at \*2 (quoting *Mala*, 704 F. 3d at 245).

## III.    DISCUSSION

Ms. Duglas's federal question claim, even when construed liberally, indisputably lacks a
basis in either law or fact. Nothing about her allegations concerning her dentist visit comes
within the ambit of the great writ. Moreover, the Court can discern no other basis for invoking
federal question jurisdiction. Accordingly, any federal law claim is dismissed as frivolous under
§ 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327 (allegation of an "infringement of a legal interest
which clearly does not exist" is a frivolous claim). To the extent that the Complaint can be
interpreted to raise a claim under state law, the Court will decline to exercise supplementary
jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only
independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a
district court jurisdiction over a case in which "the matter in controversy exceeds the sum or
value of \$75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'
even though only minimal diversity is constitutionally required. This means that, unless there is
some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any
defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546
U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)
(internal footnotes omitted)). An individual is a citizen of the state where he is domiciled,
meaning the state where he is physically present and intends to remain. *See Washington v.
Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity
of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co.,
Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity

3

cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Ms. Duglas does not allege the citizenship of the parties. Rather, she provides only Pennsylvania addresses for herself and Dr. Hoang, which suggests that diversity of citizenship is lacking. Moreover, the alleged amount in controversy, five cents, is insufficient to support diversity jurisdiction. Accordingly, Ms. Duglas has not sufficiently established a basis for the Court's jurisdiction over any state law claims she intends to pursue.

An appropriate order follows dismissing Ms. Duglas's federal law claims with prejudice and any state law claim without prejudice for lack of subject matter jurisdiction.

**BY THE COURT:**

**GENE E.K. PRATTER, J.**